Estate of James H. Lindsay, deceased. Appeal of W. D. Henry, Hannah L. Lindsay and John H. Lindsay, Administrators.

*Practice, O. C.—Practice, S. C.—Stock subscription.*

On an appeal from a decree of the orphans' court awarding from the estate of a decedent to a corporation a claim for an alleged stock subscription, where it appears that at the time of the proceedings in the orphans' court a suit at law in the court of common pleas to enforce the same claim was pending, and remained undecided at the time of the argument upon the appeal, the Supreme Court will direct that the decree of the orphans' court be opened, and all further proceedings in that court and in the Supreme Court be suspended until the suit at law in the common pleas shall have been tried and determined.

Argued Nov. 5, 1897. Appeal, No. 123, Oct. T., 1897, by W. D. Henry et al., administrators of the estate of James H.

Lindsay, deceased, from decree of C. P. Allegheny Co., June T., 1896, No. 73, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Decree opened.

Exceptions to adjudication of an administrator's account. The facts appear by the opinion of the Supreme Court.

The orphans' court entered a decree directing that the sum of $21,266.67 be paid to the North Side Bridge Company, a corporation, for a subscription to four hundred shares of capital stock at $50.00 per share, made by decedent in October, 1881, with interest from December 14, 1895, the date when the subscription was called. The court dismissed exceptions to the decree, and the administrators appealed.

*Errors assigned* were in dismissing exceptions to adjudication.

*J. J. Miller*, with him *W. B. Rodgers*, for appellants.

*G. C. Burgwin*, with him *H. Burgwin*, for appellee.

OPINION BY MR. JUSTICE GREEN, January 3, 1898:

This case comes before us on an appeal from the decree of the orphans' court of Allegheny county in the settlement of the second account of the administrators of James H. Lindsay, deceased. Upon the settlement of the first account a distribution had been made of the whole fund among the widow and heirs. When the second account was filed a creditor, the North Side Bridge Co., appeared and presented a claim for $20,000, upon an alleged subscription made by the decedent, for four hundred shares of its capital stock, which it was claimed had never been paid. On the hearing it appeared that there never was any subscription actually made by the decedent to the stock of the company, but it was contended by the bridge company that in the original certificate of organization of the company the decedent was named as one of the subscribers to the amount of four hundred shares, and it was claimed that this was in legal effect a subscription to the capital stock for that number of shares. But it appeared that the organization certificate was made in October,

1881, and that no call upon the subscribers to pay for their capital stock had ever been made until in December, 1895, more than fourteen years after the date of the organization certificates. It was argued for the estate that the statute of limitations was a bar to the claim, and thereupon various contentions were advanced upon both sides as to the effect of the plea. It also appeared that an action at law had been brought by the bridge company against the administrators in the court of common pleas No. 3, of Allegheny county, No. 370, November term, 1896, before the hearing in the orphans' court, founded upon the same alleged subscription contract, which has not yet been decided. Pending that action the movement was made in the orphans' court to charge the estate with liability for the same cause of action. The claim is purely and distinctively adversary in every possible sense. It is properly remediable in a common law action founded upon the contract. While, for the benefit of creditors, a bill in equity may be entertained where the object is to collect the unpaid stock for the benefit of all creditors, after the exhaustion of the assets of the corporation, this is not that kind of a case, but is simply a demand to enforce the claim of the company upon an ordinary subscription contract for stock. It is certainly very unusual to prosecute that kind of claim in the orphans' court, especially during the pendency of a common law action. We are not aware of any instance in which such a course has been pursued, nor have we been referred to any case in which it has been done. From the character of the contentions which are advanced on either side of the present controversy, including the statute of limitations, it would seem to be appropriate that the issue should be decided by a jury, which can be done in the action at law. We will not decide at this time the merits of the controversy, nor indicate any opinion relative thereto, but have thought it best to order a suspension of all further proceedings until the determination of the action at law which has already been brought.

Now, January 3, 1898, it is ordered and adjudged that the decree of the orphans' court be opened, and all further proceedings in the orphans' court and in this Court in this case be suspended until the action No. 370 of November term, 1896, in common pleas No. 3 of Allegheny county, has been tried and determined.